IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| 7-ELEVEN, INC., a Texas corporation with its principal place of business at 2711 North Haskell Avenue, Dallas, Texas, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. L-00CV1275<br>) |
| v. | ) |
| PAK FOOD MART, INC. D/B/A "7th HEAVEN", a Maryland corporation with its principal place of business at 3300 Eastern Avenue; Baltimore, MD 21220, with its Registered Agent KHALID KHOKHAR located at 6727 Johnnycake Road; Baltimore, MD 21244 | )<br>) CONSENT JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| KHALID KHOKHAR, an individual at 6727 Johnnycake Road; Baltimore, MD 21244, | )<br>)<br>) |
| Defendants. | ) |

This matter has been presented to the Court by and with the consent of plaintiff, 7-Eleven, Inc. ("7-ELEVEN"), a Texas corporation, and defendants, Khalid Khokhar, an individual, and Pak Food Mart, Inc. d/b/a 7th HEAVEN, a Maryland corporation, (collectively "the defendants"), the Court having been fully advised in the premises, it is hereby ORDERED, ADJUGED and DECREED:

1. This Court has jurisdiction over the parties hereto and over the subject matter hereof.



2. Since long prior to the acts of the defendants which are the subject of this action, 7-Eleven has been engaged in the business, inter alia, of offering convenience store services and products to the general public at various locations throughout the United States.

3. 7-Eleven is the owner of the name and mark 7-ELEVEN for, *inter alia*, convenience store services, and has provided its aforesaid convenience store services under the name and mark 7-ELEVEN since at least as early as 1946.

4. 7-Eleven is the owner of the mark OH THANK HEAVEN and OH THANK HEAVEN FOR 7-ELEVEN, and has used these marks throughout the United States, in connection with its aforeseaid convenience store services and products.

5. 7-Eleven is the owner of the 7-Eleven Striped mark for, *inter alia*, convenience store services, which consists of three stripes in the colors orange, green, and red.

6. A primary display of the 7-ELEVEN mark is a multicolored logo featuring an arabic numeral "7" with a curved vertical shank displayed primarily in the color red against a square white background in association with the term "ELEVEN" displayed in block letters ("7-Eleven Logo"). Frequently the 7-Eleven Logo is used by 7-Eleven flanked by the 7-Eleven Striped Mark, as shown below:



7. Since long prior to the acts of the defendants which are the subject of this action, the aforesaid 7-ELEVEN name and mark, 7-Eleven Striped Mark, 7-Eleven Logo, and the OH

THANK HEAVEN and OH THANK HEAVEN FOR 7-ELEVEN Marks have been extremely well known among consumers.

8. By virtue of extensive use, advertising and promotion, and long prior to the acts of the defendants which are the subject of this action, the 7-ELEVEN name and mark, 7-Eleven Striped Mark, 7-Eleven Logo, and the OH THANK HEAVEN and OH THANK HEAVEN FOR 7-ELEVEN Marks each became extremely famous and acquired a strong secondary meaning signifying 7-Eleven.

9. 7-Eleven now owns a most valuable goodwill which is symbolized by each of its trade indicia (*e.g.* the 7-ELEVEN name and mark, 7-Eleven Striped Mark, 7-Eleven Logo, and the OH THANK HEAVEN and OH THANK HEAVEN FOR 7-ELEVEN Marks).

10. Long subsequent to the aforesaid acquisition of the fame of 7-Eleven's aforesaid trade indicia, defendants, without any admission of wrongdoing, infringed upon 7-Eleven's aforesaid name and marks by using the name and mark 7th HEAVEN as follows: an Arabic numeral "7", with a curved verticle shank, primarily in the color red and displayed in conjunction with the term "HEAVEN" written in block capital letters and displayed against a square white background, with a striped mark consisting of three solid stripes in the colors red and green, separated by white breaks, all of equal length ("7th HEAVEN Logo"). An example of defendants' use of the infringing 7th HEAVEN name, mark, and Logo as used above the entrance to defendants' convenience store is depicted below:



11.   Defendants Khalid Khokhar, an individual, and Pak Food Mart, Inc., a Maryland corporation, their partners, agents, servants, employees, and attorneys and all others in active concert or participation with any of them, are hereby permanently enjoined from:

a.   using the name or mark 7th HEAVEN, 7th HEAVEN Logo, 7-ELEVEN, OH THANK HEAVEN or OH THANK HEAVEN FOR 7-ELEVEN or any other name, mark or logo consisting in whole, or in part, of the numerals "7" or "11," or the words "SEVEN" or "ELEVEN" or "HEAVEN" or displayed in any color combinations with or without additional colors which include in combination two or more of the following colors: red, green, orange, or white for convenience store or related services or products; or which contain horizontal stripes;

b.   using any other name, mark, logo or trade dress which is a reproduction, counterfeit, copy or colorable imitation of 7-Eleven's 7-ELEVEN name or mark, or 7-Eleven Logo, OH THANK HEAVEN or OH THANK HEAVEN FOR 7-ELEVEN Marks, or 7-Eleven's Striped Mark, or any design element used in connection therewith, including, but not limited to, any name, mark or logo which uses as a prominent element thereof any numeral, design or other

graphic intersected by another numeral or a word, design or other graphic, or horizontal stripes for convenience store or related products or services;

 c. doing any other act or thing likely to confuse, mislead or deceive others into believing that defendants, their services, or products emanate from 7-Eleven or are connected with, sponsored by or approved by 7-Eleven; and,

 d. doing any other act or thing likely to tarnish or dilute the distinctiveness of 7-Eleven's 7-ELEVEN name, mark and logo, OH THANK HEAVEN or OH THANK HEAVEN FOR 7-ELEVEN Marks, or 7-Eleven's Striped Mark.

12. The defendants are required, in accordance with 15 U.S.C. § 1118, to deliver up to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements and all plates, models, matrices and other means of making same, as well as all related goods and things in defendants' possession, custody or control bearing the 7th HEAVEN name and mark, 7th HEAVEN Logo, or any other reproduction, counterfeit, copy or colorable imitation of 7-Eleven's trade indicia referenced above.

13. The parties hereto shall bear their own costs in this matter, except that in any suit or action brought to enforce the terms of this Consent Judgment, the defendant agrees to pay all reasonble costs and fees, including legal fees, that 7-Eleven may incur in enforcing the terms of this Consent Judgment, including but not limited to, costs incurred or associated directly or indirectly with filing or otherwise bringing any claim, motion, cause of action, suit, rule to show

cause or contempt motion for purposes of enforcing any term or provision of this Consent Judgment.

SO ORDERED:

Dated: 6/26/00

_____
United States District Judge

CONSENTED TO:

Dated: 6/12/00

Pak Food Mart, Inc.

By: _____

Name: KHALID KHOKHAR

Title: PRESIDENT

Dated: 6/12/00

Khalid Khokhar

_____
Khalid Khokhar

Dated: June 9, 2000

7-ELEVEN, INC.

By: _____

Name: Joshua L. Smith

Title: Attorney in Fact

APPROVED AS TO FORM

Dated: 6/12/00

By: _____
Attorney for Defendants,
Pak Food Mart, Inc. and Khalid Khokhar
David M. Silbiger
110 East Lexington Street
Baltimore, MD 21202

Dated: June 19, 2000

By: _____
One of the Attorneys for
7-Eleven, Inc.

Harry Levy, Esq.

6

                                        Schulman, Treem, Kaminkow, Gilden and
                                        Ravenell, P.A.
                                        1800 World Trade Center
                                        401 East Pratt Street
                                        Baltimore, MD 21202

WILDMAN, HARROLD, ALLEN & DIXON
Craig S. Fochler
Joshua L. Smith
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606-1229
Tel: (312) 201-2000
Fax: (312) 201-2555
Of Counsel